# FEDERAL PUBLIC DEFENDER
## WESTERN DISTRICT OF TEXAS

**MAUREEN SCOTT FRANCO**
FEDERAL PUBLIC DEFENDER

JUDY F. MADEWELL
FIRST ASSISTANT

───────

CHRISTOPHER J. CARLIN | ALPINE
HORATIO R. ALDREDGE | AUSTIN
BIANCA ROCHA DEL RIO | DEL RIO
REGINALDO TREJO, JR. | EL PASO
EDGAR HOLGUIN | EL PASO
ANTHONY J. COLTON | MIDLAND
KRISTIN M. KIMMELMAN | SAN ANTONIO
LEWIS B. GAINOR | WACO
SUPERVISORY ASSISTANTS

300 CONVENT STREET
SUITE 2300
SAN ANTONIO, TEXAS 78205-3744

TELEPHONE
(210) 472-6700

TOLL FREE
(855) 867-3570

FACSIMILE
(210) 472-4454

───────

ALPINE
AUSTIN
DEL RIO
EL PASO
MIDLAND
PECOS
WACO

February 12, 2024

Mr. Lyle W. Cayce
Clerk, United States Court of Appeals
 for the Fifth Circuit
600 S. Maestri Place
New Orleans, Louisiana 70130

Re:   *United States v. Luis Alfredo Nanez-Lopez*, No. 23-50788,
      Letter Brief for Appellant

Dear Mr. Cayce:

Appellant Luis Alfredo Nanez-Lopez respectfully submits this letter brief, contemporaneously with an unopposed motion for summary disposition,[1] to address the following issue foreclosed by Supreme Court and Fifth Circuit precedent:[2] Under the principles articulated in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and, more recently, *Alleyne v. United States*, 570 U.S. 99 (2013), is 8 U.S.C. § 1326(b)—which permits a sentence above the otherwise-applicable statutory maximum, based on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt—unconstitutional?

---

[1] *See* Briefing Notice 2 (describing summary disposition motion); *cf. Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969) (summary disposition proper when "there can be no substantial question as to the outcome of the case").

[2] *See Almendarez-Torres v. United States*, 523 U.S. 224, 239–47 (1998); *United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Rojas-Luna*, 522 F.3d 502, 505–06 (5th Cir. 2008).

## A. Introduction

Nanez was indicted for and pleaded guilty to illegally reentering the United States after having been removed, in violation of 8 U.S.C. § 1326(a). Section 1326(a) sets the maximum punishment for illegal reentry at two years' imprisonment and one year of supervised release. If a noncitizen was removed after having been convicted of a felony, § 1326(b)(1) increases that maximum punishment to 10 years' imprisonment and three years' supervised release. If a noncitizen was removed after having been convicted of an aggravated felony, § 1326(b)(2) increases that maximum punishment to 20 years' imprisonment and three years' supervised release. In *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), the Supreme Court held that § 1326(b) is a sentencing provision, rather than an element of a separate offense, and that sentencing enhancements based on prior convictions are constitutional, even if they raise the statutory maximum penalty.

Nanez challenges *Almendarez-Torres*'s constitutional ruling. Because *Almendarez-Torres* precludes relief in this Court, he seeks to preserve his claim for Supreme Court review, in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and subsequent decisions, which cast doubt on the continuing validity of *Almendarez-Torres*'s constitutional holding.

Counsel acknowledges that panels of this Court have opined, in dicta, that the issue he raises "no longer serves as a legitimate basis for appeal," and that it would view appeals raising this issue "with skepticism." *United States v. Pineda-Arrellano*, 492 F.3d 624, 625–26 (5th Cir. 2007); *see also United States v. Contreras-Rojas*, 16 F.4th 479, 480 (5th Cir. 2021); *Pineda-Arrellano*, 492 F.3d at 626–27 (Dennis, J., concurring) (characterizing majority's statement on this issue as "dictum"). But other members of this Court recently recognized "it is well within reason for litigants to ask whether the Supreme Court would reconsider *Almendarez-Torres* today" and that "[p]arties may litigate in anticipation of a good faith expectation of legal change." *United States v. Garza-De La Cruz*, 16 F.4th 1213, 1215 (5th Cir. 2021) (Costa & Ho, JJ., joined by King, J., concurring) (cleaned up). Counsel raises the issue to fulfill his obligation of zealous representation, to preserve the issue for further review,

and because he believes it is arguable on its merits.[3] *See id.*; *see also Anders v. California*, 386 U.S. 738, 744 (1967) (appointed counsel must raise "legal points arguable on their merits").

### B. Jurisdiction

The district court exercised jurisdiction under 18 U.S.C. § 3231. The court entered its judgment on October 27, 2023. ROA.30. Nanez filed his notice of appeal on November 3, 2023. ROA.36; *see* Fed. R. App. P. 4(b)(1)(A)(i). This Court has jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

### C. Statement of the Case

Nanez pleaded guilty to a one-count indictment charging him with illegally reentering the United States after having been removed, in violation of 8 U.S.C. § 1326. ROA.15, 62. The indictment did not allege that he had a prior felony conviction. *See* ROA.15.[4] The presentence report stated that the maximum penalty was 20 years' imprisonment and three years' supervised release. ROA.91; *see* 8 U.S.C. § 1326(b)(2). The district court sentenced Nanez to 30 months' imprisonment and three years' supervised release. ROA.31–32, 77. Nanez timely appealed. ROA.36.

### D. Argument

#### 1. Standard of review.

This Court reviews the constitutionality of a statute de novo. *United States v. Luna*, 165 F.3d 316, 319 (5th Cir. 1999). Because Nanez did not object below to the constitutionality of § 1326(b), his contention is reviewed for plain error.

---

[3] Raising the claim may also be necessary to avoid procedural default. *Garza-De La Cruz*, 16 F.4th at 1215 (Costa & Ho, JJ., joined by King, J., concurring); *see United States v. Scruggs*, 714 F.3d 258, 264 (5th Cir. 2013) (finding procedural default and noting "parties routinely raise arguments to preserve them for further review despite binding authority to the contrary").

[4] The indictment did include a reference to 8 U.S.C. § 1326(b)(2). ROA.15. At the plea hearing, Nanez was admonished on the sentencing range for § 1326(b)(2). ROA.52–53. The judgment referenced § 1326(b)(2), and Nanez was sentenced below the 20-year maximum sentence for § 1326(b)(2). ROA.30–31.

*See United States v. Knowles*, 29 F.3d 947, 950–51 (5th Cir. 1994) (applying plain error standard to challenge to constitutionality of statute); *see* Fed. R. Crim. P. 52(b). For a court of appeals to correct plain error, there must be (1) error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016). A sentence imposed under an unconstitutional statute meets this standard. *Cf. Knowles*, 29 F.3d at 951–52.

### 2. *Almendarez-Torres* was wrongly decided, and the § 1326(b) recidivism enhancement is unconstitutional.

Under 8 U.S.C. § 1326(a), a noncitizen found in the United States after having been removed may be sentenced to up to two years' imprisonment and one year's supervised release.[5] Subsection 1326(b) increases the maximum imprisonment term to 10 or 20 years if the removal occurred after a conviction for a felony or an aggravated felony, respectively, and up to three years' supervised release.[6]

In *Almendarez-Torres*, the Supreme Court held that the enhanced penalties in § 1326(b) are sentencing factors, rather than elements of separate offenses. 523 U.S. at 235. The Court further ruled that this construction of § 1326(b) does not violate due process; a prior conviction need not be treated as an element of the offense, even if it increases the statutory maximum penalty. *Id.* at 239–47.

Just two years after *Almendarez-Torres* was decided, the Court appeared to cast doubt on it. *See Apprendi v. New Jersey*, 530 U.S. 466 (2000). In *Apprendi*, the Court announced that, under the Sixth Amendment, facts that increase the maximum sentence must be proved to the jury beyond a reasonable doubt. 530 U.S. at 490. The Court acknowledged that this general

---

[5] 8 U.S.C. § 1326(a); *see* 18 U.S.C. §§ 3559(a)(5) (offense punishable by less than five years but more than one year is Class E felony), 3583(b)(3) (authorized term of supervised release for Class E felony not more than one year).

[6] 8 U.S.C. § 1326(b)(1), (2); *see* 18 U.S.C. §§ 3559(a)(3) (offense punishable by less than 25 years but at least 10 years is Class C felony), 3583(b)(2) (authorized term of supervised release for Class C felony not more than three years).

principle conflicted with the specific holding in *Almendarez-Torres* that a prior conviction need not be treated as an element under § 1326(b). The Court found it "arguable that *Almendarez-Torres* was incorrectly decided, and that a logical application of our reasoning today should apply" to prior convictions as well. *Id.* at 489. But because *Apprendi* did not involve a prior conviction, the Court considered it unnecessary to revisit *Almendarez-Torres*. *Id.* at 490. Instead, the Court framed its holding to avoid expressly overruling the earlier case: "*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* (emphasis added).[7]

In 2013, the Supreme Court doubled down on *Apprendi*, overruling recent precedent to apply the *Apprendi* rule to mandatory minimum sentences. *Alleyne*, 570 U.S. at 114–16 (overruling *Harris v. United States*, 536 U.S. 545 (2002)). The Court characterized *Almendarez-Torres* as a "narrow exception to the general rule" that all facts that increase punishment must be alleged in the indictment and proved to a jury beyond a reasonable doubt. *Id.* at 111 n.1. Because the parties in *Alleyne* did not challenge *Almendarez-Torres*, the Court said that it would "not revisit it for purposes of our decision today." *Id.*

The Court's reasoning in *Alleyne* nevertheless strengthens a future challenge to *Almendarez-Torres*'s recidivism exception. *Alleyne* traced the treatment of the relationship between crime and concluded that, because "the whole of the" crime and its punishment cannot be separated, the elements of a crime must include any facts that increase the penalty. *Id.* at 109, 114–15. The Court recognized no limitations or exceptions to this principle. If the Supreme Court follows the logic of its reasoning, then the § 1326(b) recidivism enhancement is unconstitutional.[8] *See Apprendi*, 530 U.S. at 489. As a panel

---

[7] While declining to overrule *Almendarez-Torres*, the *Apprendi* Court severely limited it. The Court viewed *Almendarez-Torres* as a departure from the "uniform course of decision during the entire history of our jurisprudence," and elected to "treat the case as a narrow exception to the general rule" that any fact that increases the maximum penalty for a criminal offense is an element of that offense. *Apprendi*, 530 U.S. at 490.

[8] A finding that § 1326(b) is unconstitutional will not affect § 1326(a), the provision establishing the basic crime of illegal reentry without any sentence enhancements. *See* Immigration and Nationality Act § 406, codified at 8 U.S.C. § 1101

of this Court succinctly put it, "members of the Supreme Court … have concluded that *Almendarez-Torres* was wrongly decided—and that the only issue is whether the Court should overturn *Almendarez-Torres*, or whether principles of stare decisis should trump the constitutional rights of the accused." *Garza-De La Cruz*, 16 F.4th at 1214 (Costa, Ho, and King, JJ., concurring); *see, e.g.*, *Sessions v. Dimaya*, 138 S. Ct. 1204, 1253 (2018) (Thomas, J., dissenting) (*Almendarez-Torres* "is an aberration, has been seriously undermined by subsequent precedents, and should be reconsidered").[9]

*Almendarez-Torres*'s constitutional ruling is vulnerable to reconsideration. The policy underlying stare decisis is "at its weakest" when the Supreme Court is, as it was in *Almendarez-Torres*, interpreting the Constitution. *Ramos v. Louisiana*, 140 S. Ct. 1390, 1405 (2020) (cleaned up). When "there has been a significant change in, or subsequent development of, our constitutional law," stare decisis "does not prevent … overruling a previous decision." *Agostini v. Felton*, 521 U.S. 203, 235–36 (1997). Rather, "a decision is properly overruled where development of constitutional law since the case was decided has implicitly or explicitly left [it] behind as a mere survivor of obsolete constitutional thinking." *Id.* at 236 (cleaned up); *see Alleyne*, 570 U.S. at 119 ("*stare decisis* does not compel adherence to a decision whose 'underpinnings' have been 'eroded' by subsequent developments of constitutional law").

While the Supreme Court is free to reconsider the constitutional rule it announced in *Almendarez-Torres*, this Court is bound by the decision. The Supreme Court has instructed that, if its precedent "has direct application in a case," it is controlling even if it "appears to rest on reasons rejected in some other line of decisions." *Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477, 484 (1989). In such circumstances, "the Court of Appeals

---

note ("If any particular provision of this Act … is held invalid, the remainder of the Act … shall not be affected thereby."). Thus, the § 1326(a) conviction remains proper, authorizing up to two years' imprisonment and one year of supervised release in this case.

[9] *See also Mathis v. United States*, 579 U.S. 500, 521–23 (2016) (Thomas, J., concurring) (opining that *Almendarez-Torres* should be reconsidered); *Descamps v. United States*, 570 U.S. 254, 281 (2013) (Thomas, J., concurring) (same).

should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions." *Id.*

Accordingly, Nanez raises this argument solely to preserve it for Supreme Court review. *See United States v. Cavin*, 39 F.3d 1299, 1308 (5th Cir. 1994) (a lawyer's duty of "loyalty and zealous representation … includes advocating positions which the lawyer in good faith believes have an arguable basis despite contrary authority"). Summary disposition is, therefore, appropriate. *See Garza-De La Cruz*, 16 F.4th at 1215; *Groendyke Transp.*, 406 F.2d at 1162.

Respectfully submitted,

MAUREEN SCOTT FRANCO
Federal Public Defender


/s/ Carl R. Hennies
CARL R. HENNIES
Assistant Federal Public Defender

cc: VIA CM/ECF
Joseph H. Gay, Jr.
Assistant U.S. Attorney